Filed 9/9/13  P. v. Lozano CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B246039 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA126363) |
| v. | |
| PETER LOZANO | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 30, 2012 Los Angeles County Sheriff's Deputy Rosemynn Gonzaga stopped Peter Lozano for riding his bicycle on the sidewalk in violation of a local ordinance. Deputy Gonzaga observed that Lozano was carrying a plastic bag with beer in it and detected the odor of alcohol on Lozano's breath. At Deputy Gonzaga's request, Lozano got off his bicycle. Deputy Gonzaga asked Lozano if he had been arrested, and Lozano replied that he had been on parole but was not sure he was still on parole, although he later stated he was "formerly on parole." Lozano gave Deputy Gonzaga consent to search his person. The deputy recovered a bindle of methamphetamine in Lozano's pants pocket and placed him under arrest.

The District Attorney charged Lozano in an information with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), with a special allegation he had suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). Represented by appointed counsel, Lozano pleaded not guilty and denied the special allegation.

Following the denial of his motion to suppress evidence (Pen. Code, § 1538.5), Lozano entered a negotiated plea of no contest to possession of methamphetamine and admitted the prior strike allegation. Pursuant to the plea agreement, the trial court imposed an aggregate state prison term of 32 months, consisting of the lower term doubled as a second strike. The court ordered Lozano to pay a $40 court security fee, a $30 criminal conviction assessment, and a $240 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code section 1202.45. Lozano was awarded a total of 252 days of presentence custody credit (126 actual days and 126 days of conduct credit).

Lozano filed a timely notice of appeal based on the denial of his motion to suppress. (Pen. Code, § 1538.5, subd. (m); Cal. Rules of Court, rule 8.304(b)(4)(A).)

# DISCUSSION

We appointed counsel to represent Lozano on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On May 3, 2013 we advised Lozano he had 30 days within which to submit any contentions or issues he wished us to consider. We have not received any response.

We have examined the entire record and are satisfied that Lozano's attorney has fully complied with the responsibilities of counsel and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

# DISPOSITION

The judgment is affirmed.

SEGAL, J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.